**MANDATE**

13-2411-cv
A&G Coal Corp., Meg-Lynn Land Co. v. Integrity Coal Sales, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*

-----------------------------------------------------------------
A&G COAL CORPORATION, MEG-LYNN LAND COMPANY, INC.,

        *Petitioners-Appellants,*

        v.        No. 13-2411-cv

INTEGRITY COAL SALES, INC.,

        *Respondent-Appellee.*
-----------------------------------------------------------------

APPEARING FOR APPELLANTS:    RISHI BHANDARI, Mandel Bhandari LLP, New York, New York.

APPEARING FOR APPELLEE:    THOMAS M. FARRELL (Philip A. Goldstein, McGuireWoods LLP, New York, New York, *on the brief*), McGuireWoods LLP, Houston, Texas.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 02, 2014

1

MANDATE ISSUED ON 06/02/2014

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 31, 2013, as amended June 11, 2013, is AFFIRMED.

A&G Coal Corporation and Meg-Lynn Land Company, Inc. (collectively, "A&G") appeal from the confirmation of an arbitration award of $21,074,300.30 in damages to Integrity Coal Sales, Inc. ("Integrity") for breach of purchase order agreements for the years 2007 and 2008. In reviewing a decision to confirm an arbitration award, we examine the district court's legal rulings de novo and its findings of fact for clear error. See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 103 (2d Cir. 2013). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Standard of Review for Arbitration Decisions

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., a party seeking to vacate an arbitration award bears the burden of proof, "and the showing required to avoid confirmation is very high." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006). Indeed, vacatur is warranted only in the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence

> pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). As "judicial gloss" on these specific grounds for vacatur, this court has held that an arbitration award may be set aside if it was rendered in "manifest disregard of the law." Schwartz v. Merrill Lynch & Co., 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted).

A party seeking vacatur for manifest disregard of the law must show not only that "the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable," but also that "the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." Jock v. Sterling Jewelers Inc., 646 F.3d 113, 121 n.1 (2d Cir. 2011) (internal quotation marks omitted); see Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 208 (2d Cir. 2002) (Sotomayor, J.) (stating that vacatur requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law" (internal quotation marks omitted)). An arbitration award may also be vacated if it is "in manifest disregard of the terms of the parties' relevant agreement." Schwartz v. Merrill Lynch & Co., 665 F.3d at 452 (internal quotation marks and alteration omitted). In such cases, however, "interpretation of the contract terms is within the province of the arbitrator and will not be overruled simply because we disagree with that interpretation"; rather, "[i]f the arbitrator has provided even a barely colorable justification for his or her interpretation

3

of the contract, the award must stand." Id. (internal quotation marks and alterations omitted).

Applying these principles here, we identify no grounds for vacatur.

2. <u>Manifest Disregard of the Law and the Parties' Agreements</u>

A&G argues that the arbitrator manifestly disregarded the law and the parties' agreements by (1) recognizing an oral understanding between the parties in determining the expiration date of the 2007 purchase order despite a clause in the agreements requiring all amendments to be in writing and New York law enforcing such clauses, and (2) awarding damages in excess of both Integrity's demands and actual damages.[1]

    a. <u>Purported Reliance on Oral Amendment</u>

A&G's first manifest disregard argument is belied by the record. As the arbitrator's decision states, he found the parties' extension of the 2007 purchase order into early 2008 memorialized in language in the 2008 agreement stating that this purchase order "commences immediately or upon the completion of" the 2007 purchase order. J.A. 478. To the extent the arbitrator's construction of this provision was informed by testimony, that hardly demonstrates proscribed manifest disregard of either the agreement or the law. See In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d 108, 124 (2d Cir. 2013) (recognizing that "extrinsic evidence can illuminate the meaning of ambiguous contract terms").

---

[1] As A&G does not renew on appeal its argument below that the arbitrator exceeded his powers, we deem any challenge to the district court's ruling on this point abandoned. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011).

4

Accordingly, A&G's manifest disregard challenge to the arbitration award fails on the merits.

b. <u>Damages</u>

A&G contends that because the damages award exceeded the amount sought by Integrity, it was punitive rather than compensatory. Further, it argues that the arbitrator disregarded New York law in calculating damages. In making these arguments, A&G concedes that the arbitrator's fact-finding in calculating market price is essentially unreviewable. It nevertheless argues that the arbitrator failed to follow New York law mandating that plaintiffs seeking damages prove causation and precluding a damages award for replacing goods not ordered in a breach of contract claim.

A&G's punitive damages argument fails in light of the record. In its brief to the arbitrator, Integrity explicitly abandoned its claim for cover damages, instead urging the arbitrator to calculate market damages as provided by Uniform Commercial Code § 2-713. The arbitrator proceeded to follow this suggested methodology. The fact that he thereby reached a greater figure than the one calculated by Integrity does not transform a compensatory award into a punitive one.

As for damages calculation, A&G fails to identify controlling authority restricting damages to goods actually ordered. Instead, it claims that Integrity was required to prove that it was ready, willing, and able to perform (<u>i.e.</u>, to pay for and receive all of the coal under the purchase orders in question) to recover damages in the amount awarded. The arbitrator, in fact, found that Integrity was ready, willing, and able to perform in that its

officers continued ordering coal from A&G throughout 2008—coal that A&G then failed to deliver even though Integrity had satisfied all payment obligations by February 11, 2008. Having so found, the arbitrator then relied on Uniform Commercial Code § 2-713, which provides that, subject to proof of market price, the non-breaching buyer can recover from the seller "the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages . . . but less expenses saved in consequence of the seller's breach." N.Y. U.C.C. § 2-713; cf. Fertico Belg. S.A. v. Phosphate Chems. Exp. Ass'n, Inc., 70 N.Y.2d 76, 81–82, 517 N.Y.S.2d 465, 468 (1987) (explaining nonbreaching party's options for damages under U.C.C. § 2-713). A&G points to no binding case law that the arbitrator intentionally disregarded in making this determination, let alone any evidence of the arbitrator's intent willfully to flout such controlling law. See STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d 68, 78–81 (2d Cir. 2011). Thus, A&G's manifest disregard challenge to damages fails.

3. Conclusion

We have considered the remainder of A&G's claims and consider them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit